IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODNEY GREEN, SR.,

    Plaintiff,

v.

MERCY HOUSING, INC., a Nebraska corporation; MERCY HOUSING MANAGEMENT GROUP, INC., a Nebraska corporation d/b/a East Leland Court; MERCY HOUSING CALIFORNIA XXXVIII, a California limited partnership; and DOES 1-10, inclusive,

    Defendants.

No. C 18-04888 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this disability-discrimination action, defendants move to dismiss for failure to state a claim. For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Beginning in December 2016, plaintiff Rodney Green, Sr., an African American man, rented an apartment owned and operated by defendants Mercy Housing, Inc., Mercy Housing Management Group, Inc., and Mercy Housing California XXXVIII. Due to diabetes and arthritis, plaintiff depended on a walking cane for mobility. Plaintiff could not access certain portions of the condominium complex that defendants held open to the public. Specifically, overhanging trees blocked public paths and walkways, causing plaintiff to walk through the parking lot (Amd. Compl. ¶¶ 1, 7–8, 12).

When plaintiff entered into his lease agreement, defendants assured him that he would receive accessible parking. Defendants also advertised their apartment building as being accessible to individuals with disabilities. Soon after moving in, however, defendants leased the front parking next to plaintiff's unit to a daycare center. Eventually plaintiff received an assigned parking spot located a considerable distance from his unit. Plaintiff also had difficulties exiting his vehicle at his assigned parking space because a large piece of concrete blocked the left side of his car. To make matters worse, defendants' property manager accused plaintiff's son — who visited plaintiff regularly to provide in-home health care — of engaging in criminal activity and living in plaintiff's unit in violation of the rental agreement. The property manager also exhibited racial animus and told plaintiff that she used to work at the police department and that "most black people are [*sic*] more problems for the [apartment] complex" (*id*. ¶¶ 10–13).

Following these incidents, defendants served plaintiff with a sixty-day notice to terminate his tenancy. Defendants agreed to rescind the notice on the condition that plaintiff not allow his son to come to the apartment for a year. Facing eviction, plaintiff had no choice but to agree to defendants' terms. Plaintiff later filed a complaint with the California Department of Fair housing, prompting defendants' property manager to confront plaintiff and causing plaintiff to "feel like a second class citizen" (*id*. ¶ 13).

Based on these allegations, plaintiff filed the original complaint in August 2018 and an amended complaint in October 2018. Plaintiff asserted claims under (1) the Americans with Disabilities Act; (2) California's Disabled Person's Act; (3) California's Unruh Civil Rights Act; (4) the Fair Housing Act; (5) California's Fair Employment and Housing Act; (6) California's Unfair Competition Law; (7) plaintiff's rental agreement; (8) California's False Advertising Law; (9) the Rehabilitation Act; and (10) Section 11135 of the California Government Code. Defendants now move to dismiss for failure to state a claim (Dkt. Nos. 1, 12, 14). This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ibid.* All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).[1]

### 1. AMERICANS WITH DISABILITIES ACT.

To state a claim under Title III of the ADA, plaintiff must allege: (1) that he is disabled; (2) the subject facility is a place of public accommodation; (3) the subject facility has an architectural barrier; and (4) the plaintiff has actual knowledge of the architectural barrier precluding his full and equal access to the facility. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff first alleges that defendants violated the ADA by assigning him a parking space that was difficult to exit because of a large piece of nearby concrete. Residential apartment complexes do not generally fall within the scope of the ADA's definition of public accommodation, 42 U.S.C. § 12181(7)(A)–(L), but areas within a residential complex can qualify as places of public accommodation if those areas are available to the general public for use. *Trostenetsky v. Keys Condo. Owners Ass'n*, No. 17-cv-04167, 2018 WL 2234599, at *2 (N.D. Cal. May 16, 2018) (Judge Richard Seeborg). Here, however, plaintiff alleges no facts demonstrating that his assigned parking space was available for use by the general public. He therefore fails to allege that this architectural barrier existed in a place of public accommodation.

---

[1] This order rejects plaintiff's argument that the motion to dismiss is barred by General Order 56, which imposes a stay on "[a]ll other discovery and proceedings" in ADA access litigation. Although plaintiff alleges a Title III claim, that claim is only relevant to a small portion of the conduct alleged in the complaint.

3

Plaintiff next alleges that defendants violated the ADA because certain walkways at the apartment complex are blocked by overhanging trees, causing plaintiff to travel through the parking lot. Even if plaintiff has adequately alleged that certain walkways at the complex fall within the ADA's definition of "public accommodation," the ADA Accessibility Guidelines permit accessible routes through parking lots and contain no express restriction barring routes. *See* 2010 ADAAG §§ 206.2.1, 206.3. As far as is alleged in the complaint, an accessible route still exists at the apartment complex. Defendants need not provide *additional* accessible routes that avoid the parking lot. The motion to dismiss plaintiff's ADA claim is accordingly **GRANTED**.

### 2. CALIFORNIA'S DISABLED PERSONS ACT AND UNRUH CIVIL RIGHTS ACT.

California's Unruh Civil Rights Act and Disabled Persons Act incorporate ADA standards such that "[a] violation of the ADA also constitutes a violation of both the Unruh Act and the [Disabled Persons Act]." *Californians for Disability Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 585–86 (2008). Here, plaintiff's Unruh Act and Disabled Persons Act claims are predicated both on ADA violations and independent violations of the California Civil Code. Plaintiff argues that defendants violated these statutes by (1) failing to provide him with an accessible parking space, (2) failing to clear walkways from overhanging trees, and (3) banning plaintiff's son from the apartment complex. To the extent predicated on an ADA violation, for the reasons discussed above, the motion to dismiss these claims is **GRANTED**. This order now turns to whether or not the complaint alleges independent violations of the Unruh Act or the Disabled Persons Act.

#### A. Unruh Act.

In order to establish a violation of the Unruh Act independent of a claim under the ADA, plaintiff "must 'plead and prove intentional discrimination in public accommodations in violation of the terms of Act.'" *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (citation omitted). Intentional discrimination under the Unruh Act "contemplates 'willful, affirmative misconduct on the part of those who

4

violate the Act . . . a plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy.'" *Ibid*. The complaint's allegations fail to meet this standard.

Contrary to plaintiff's argument in his opposition brief, the complaint does not allege that defendants chose to discontinue his tenancy because plaintiff needed in-home care. Rather, the complaint alleges that defendants served plaintiff with a sixty-day notice to terminate tenancy because plaintiff's son (who happens to provide in-home care) allegedly engaged in criminal conduct and lived in plaintiff's unit in violation of the rental agreement (Amd. Compl. ¶ 13). No facts in the complaint indicate that defendants knew plaintiff's son provided in-home care. Nor do plaintiff's allegations regarding overhanging trees demonstrate intentional conduct, as the complaint lacks any allegation that plaintiff brought these alleged barriers to defendants' attention (*see id.* ¶ 12).

Finally, plaintiff argues that, as alleged, defendants willfully refused to provide plaintiff with accessible parking. This order disagrees. At most, the complaint alleges that on a single occasion plaintiff notified defendants "that the new parking stall was not accessible to him only to be told that there is nothing that can be done" (*id.* ¶ 11). This allegation is too conclusory to show that defendants intentionally discriminated against plaintiff based on plaintiff's disability. Because the complaint fails to demonstrate intentional discrimination based on race or disability, the motion to dismiss plaintiff's Unruh Act claim is **GRANTED**.

### B. Disabled Persons Act.

The Disabled Persons Act provides that "a person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodation in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." Cal. Civ. Code § 54.1(b)(3)(B). While a Disabled Persons Act claim can be brought to enforce the building standards set forth in Title 24 of the California Building Standards Code (CBSC), *Baskin v. Hughes Realty, Inc.*, 25 Cal. App. 5th 184, 192 (2018), a claim can also be asserted based on an allegedly discriminatory policy which resulted in the denial of full and equal access. *See Hankins v. El Torito Rests., Inc.*, 63 Cal. App. 4th 510 (1998). As explained

5

below, plaintiff has adequately alleged that defendants failed to provide a reasonable accommodation in connection with plaintiff's parking space. Defendants' motion to dismiss this claim is accordingly **DENIED**.

### 3. REHABILITATION ACT.

To state a Rehabilitation Act claim, plaintiff must allege that (1) he was disabled; (2) he otherwise qualified for the benefit or services sought; (3) he was denied those benefits or services "solely" by reason of his disability; and (4) the program providing the benefits or services received federal assistance. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Here, plaintiff does not sufficiently allege that defendants denied him any benefits or services by reason of his disability. Although far from clear, plaintiff's theory appears to be that defendants denied him the benefit of a "reduction in monthly rent" by serving a sixty-day notice to terminate tenancy and forcing plaintiff to retain a landlord-tenant attorney (Opp. at 11). These conclusory allegations fail to plausibly suggest a violation of the Rehabilitation Act. Defendants' motion to dismiss this claim is **GRANTED**.

### 4. FAIR HOUSING ACT AND CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT.

#### A. Failure to Reasonably Accommodate.

In order to state a discrimination claim under the Fair Housing Act ("FHA") for failure to reasonably accommodate, plaintiff must allege that (1) he suffers from a disability as defined by the FHA, (2) defendants "knew or reasonably should have known of" plaintiff's disability; (3) accommodation of the disability "may be necessary" to afford plaintiff an equal opportunity to use and enjoy [his] dwelling," and (4) defendants "refused to make such accommodation." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004). Defendants do not dispute that the first two elements are met. With respect to the second two elements, two incidents underlie plaintiffs' FHA claim.

The complaint first alleges that, despite plaintiff's requests, defendants failed to provide him with an accessible parking spot sufficiently close to his apartment. Given plaintiff's additional allegations that he cannot walk for prolonged periods, he has sufficiently alleged that he requested a reasonable and necessary accommodation that defendants denied. In their

reply, defendants argue that the requested accommodation was unreasonable because they did not actually own the parking spot closest to plaintiff's apartment (Reply at 11). Maybe so. For current purposes, however, this order musts take the complaint's well-pled allegations as true. *Cahill*, 80 F.3d at 337–38. Defendants' motion to dismiss this claim is **DENIED**.

The complaint also alleges that defendants banned plaintiff's son — who provided plaintiff necessary in-home care — from the apartment complex. The complaint alleges that defendants knew of plaintiff's need for an in-home caregiver yet banned plaintiff's son from visiting the property based on false allegations of illegal conduct. Nevertheless, as discussed above, absent from the complaint are any facts showing that defendants knew plaintiff's son provided in-home care. The complaint therefore fails to allege that plaintiff requested (and was subsequently denied) this reasonable accommodation. To the extent plaintiff's reasonable accommodation claim under FHA is based on the theory that defendants prohibited him from having an in-home caregiver, the motion to dismiss is **GRANTED**.

### B. Intentional Discrimination.

The FHA prohibits discrimination in the rental or sale of housing. 42 U.S.C. § 3604. Here, plaintiff alleges discrimination based on race and disability. Both claims are based on the allegation that defendants banned plaintiff's son from the apartment based on false accusations of criminal conduct and of living in plaintiff's apartment in violation of the lease. The complaint is completely devoid of facts suggesting that defendants banned plaintiff's son from the apartment complex because of plaintiff's disability. It does contain, by contrast, facts plausibly suggesting intentional discrimination based on race. The complaint alleges that plaintiff's property manager remarked that African Americans were "more problems" for the apartment complex, falsely accused plaintiff's son of criminal conduct, and then banned plaintiff's son from the property (Amd. Compl. ¶ 13). At this early stage, these facts are sufficient to allege that defendants discriminated against plaintiff "in the terms, conditions, or privileges of sale or rental, or in the provision of services or facilities in connection therewith." 42 U.S.C. § 3604(b). Defendants' motion to dismiss this claim is **DENIED**.

7

## C. Retaliation.

The FHA also makes it unlawful "to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected" by the FHA. 42 U.S.C. § 3617. To state a claim for retaliation under the FHA, plaintiff must show: (1) he engaged in protected activity; (2) defendants subjected him to an adverse action; and (3) a causal link between the protected activity and the adverse action. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (citations omitted). Here, plaintiff alleges both that he engaged in protected activity — *i.e.*, filing a complaint with the Department of Fair Housing — and that an adverse action occurred as a result — namely, that the property manager confronted him about the complaint and thereafter "stopped communicating with Plaintiff and ignoring all his needs" (Amd. Compl. ¶ 13). Defendants' motion to dismiss plaintiff's FHA claim for retaliation is **DENIED**.

## D. Fair Employment and Housing Act.

California's Fair Employment and Housing Act ("FEHA") was written to "to conform California law on the subject of fair housing to the Federal Fair Housing Act." *Broodmore San Clemente Homeowners' Assn. v. Nelson*, 25 Cal. App. 4th 1, 5–7 (1994). For the same reasons discussed above with respect to plaintiff's FHA claims, the motion to dismiss plaintiffs' claims for failure to provide reasonable accommodations and for retaliation under FEHA is **DENIED**.

### 6. SECTION 11135 OF THE CALIFORNIA GOVERNMENT CODE.

Section 11135 of the California Government Code provides that no person in the State shall, on the basis of disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is "funded directly by the state, or receives any financial assistance from the state." A "program or activity" includes "any project, action or procedure undertaken directly by recipients of State support" and a "recipient" includes anyone who "receives State support, as defined in this Section, in an amount in excess of $10,000 in the aggregate per State fiscal year or in an amount in excess of $1,000 per transaction." 2 Cal. Code Regs. § 11150. Here, plaintiff has failed to allege that

defendants received the requisite amount of qualifying financial assistance from the State. The motion to dismiss this claim is **GRANTED**.

### 7. BREACH OF CONTRACT.

"A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (2004) (citation omitted). Plaintiff alleges that defendants breached his rental agreement, wherein defendants agreed "not to discriminate based upon race, color, religion, creed, national origin, sex, age, handicap, familial status, marital status, sexual orientation or membership in a class, such as recipients of public assistance" (Amd. Compl. ¶¶ 64–67). Plaintiff only seeks compensation for emotional distress. Except in very narrow circumstances not present here, emotional distress damages are not recoverable in a breach of contract action. *Erlich v. Menezes*, 21 Cal. 4th 543 (1999). Because plaintiff fails to plead facts demonstrating economic damages caused by defendants' purported breach of the lease agreement, defendants' motion to dismiss this claim is **GRANTED**.

### 8. SECTION 17200.

Under California's Unfair Competition Law, "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. This law establishes three varieties of unfair competition — acts or practices which are unlawful, or unfair, or fraudulent. *Cel Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 180, 183 (1999). Section 17200 "'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 *et seq*. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). Because plaintiff has alleged claims under the federal Fair Housing Act and California's Fair Employment and Housing Act, plaintiff has adequately alleged a derivative Section 17200 claim. Defendants' motion to dismiss this claim is **DENIED**.

### 9. SECTION 17500.

California's False Advertising Law states: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement concerning the property or services "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Plaintiff argues that defendants' website falsely claimed that plaintiff's apartment complex was "barrier-free." As explained above, however, the complaint fails to allege any accessibility barriers. The motion to dismiss this claim is **GRANTED**.

### 10. PUNITIVE DAMAGES.

Punitive damages may be awarded in a fair housing action under federal law upon a showing of "reckless or callous indifference" to the fair housing rights of others, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906-907 (9th Cir. 2002), and under state law upon a showing of "willful and conscious disregard for the rights and safety of others," see Cal. Civ. Code § 3294(c)(1). Plaintiff has not pled any allegations of reckless or willful conduct. Defendants' motion to dismiss plaintiff's claim for punitive damages is accordingly **GRANTED**.

### 11. DECLARATORY RELIEF.

Plaintiff also asserts a claim for declaratory relief (Amd. Compl. ¶¶ 89–91). Declaratory relief is a remedy which must rely upon underlying claims. If plaintiff seeks declaratory relief, he should request it as part of his prayer for relief. On this basis, the injunctive relief claim is **DISMISSED**.

## CONCLUSION

For all of the above-stated reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. By **JANUARY 24 AT NOON**, plaintiff may seek leave to amend the dismissed claims by a motion noticed on the normal 35-day calendar. Plaintiff must plead his best case. The motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any others raised in defendants'

motion but not addressed herein. The motion should be accompanied by a redlined copy of the proposed amended complaint.

**IT IS SO ORDERED.**

Dated: December 20, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE