IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODNEY GREEN, SR.,

    Plaintiff,

v.

MERCY HOUSING, INC., a Nebraska corporation; MERCY HOUSING MANAGEMENT GROUP, INC., a Nebraska corporation d/b/a East Leland Court; MERCY HOUSING CALIFORNIA XXXVIII, a California limited partnership; and DOES 1- 10, inclusive,

    Defendants.

No. C 18-04888 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND AND VACATING HEARING**

**INTRODUCTION**

In this disability-discrimination action, plaintiff moves for leave to amend his complaint. For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**. The March 21 hearing is **VACATED**.

**STATEMENT**

The allegations in this action are set forth in a prior order (Dkt. No. 27). In brief, plaintiff Rodney Green, Sr., an African American man, rented an apartment owned and operated by defendants Mercy Housing, Inc., Mercy Housing Management Group, Inc., and Mercy Housing California XXXVIII. Due to diabetes and arthritis, plaintiff depended on a walking cane for mobility and also needed an in-home care giver. Following various incidents involving plaintiff's son and requests for an accessible parking space, defendants served plaintiff with a

1    sixty-day notice to terminate his tenancy.  Defendants agreed to rescind the notice on the

2    condition that plaintiff not allow his son to come to the apartment for a year.  Facing eviction,

3    plaintiff had no choice but to agree to defendants' terms (Proposed Amd. Compl. ¶¶ 1–14).

4        Based on these allegations, plaintiff filed the original complaint in August 2018 and an

5    amended complaint in October 2018.  An order dated December 20 granted in part and denied

6    in part defendants' motion to dismiss the amended complaint and gave plaintiff the opportunity

7    to seek leave to amend.  Plaintiff now moves for leave to amend and submits a proposed second

8    amended complaint (Dkt. Nos. 1, 14, 27, 32).

9        This order follows full briefing.  Pursuant to Civil Local Rule 7-1(b), this order finds

10   plaintiff's motion suitable for submission without oral argument and hereby **VACATES** the

11   hearing scheduled for March 21.

**ANALYSIS**

13   FRCP 15(a)(2) advises, "The court should freely give leave when justice so requires."

14   In ruling on a motion for leave to amend, courts consider:  (1) bad faith, (2) undue delay, (3)

15   prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has

16   previously amended their complaint.  Futility alone can justify denying leave to amend.  *Nunes*

17   *v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  For purposes of assessing futility on this

18   motion, the legal standard is the same as it would be on a motion to dismiss under FRCP

19   12(b)(6).  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**1.    CALIFORNIA'S UNRUH CIVIL RIGHTS ACT.**

21   Plaintiff's proposed amended complaint asserts Unruh Act claims for intentional

22   discrimination based on race and disability.  In order to establish a violation of the Unruh Act

23   independent of a claim under the ADA, plaintiff "must 'plead and prove intentional

24   discrimination in public accommodations in violation of the terms of Act.'"  *Greater Los*

25   *Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir.

26   2014) (citation omitted).  Intentional discrimination under the Unruh Act "contemplates

27   'willful, affirmative misconduct on the part of those who violate the Act' and that a plaintiff

2

must therefore allege, and show, more than the disparate impact of a facially neutral policy.'"
*Ibid*.

### A. Disability Discrimination.

The December 20 order dismissed plaintiff's Unruh Act claim for intentional disability discrimination on the ground that the complaint failed to allege that defendants discontinued plaintiff's tenancy *because* he needed in-home care. Rather, although the complaint alleged that defendants served plaintiff with a sixty-day notice to terminate his tenancy because plaintiff's son allegedly engaged in criminal conduct and lived in plaintiff's unit in violation of the rental agreement, no facts in the complaint connected these allegations to willful disability discrimination. Although plaintiff now alleges that he "explained that his son provides him in-home care" (Proposed Amd. Compl. ¶ 9), this alone is insufficient to plausibly suggest intentional disability discrimination because the allegations in the proposed complaint suggest only that defendants refused to allow *plaintiff's son* to provide in-home care in light of (false) allegations of criminal activity, not that plaintiff was denied the opportunity to receive *any* in-home care.

The December 20 order further found that plaintiff's allegations regarding overhanging trees and his requests for an accessible parking space failed to demonstrate intentional conduct. Plaintiff's proposed compliant fails to remedy these deficiencies. Plaintiff now adds allegations that (1) defendants violated building code standards, (2) overhanging trees blocked plaintiff's path of travel, and (3) plaintiff asked the manager to trim the trees only to be told that there is nothing that could be done (*id.* ¶ 10–13). None of these allegations show "more than the disparate impact of a facially neutral policy." *Greater Los Angeles Agency on Deafness, Inc.*, 742 F.3d at 425. The proposed amended complaint accordingly lacks sufficient well-pled allegations to plausibly suggest that defendants acted intentionally or that plaintiff's alleged disability was a motivating factor for defendants' purported failures. Plaintiff's motion for leave to amend this claim is **DENIED**. It is worth noting, however, that an earlier order already sustained plaintiff's California's Disabled Persons Act, Fair Housing Act, and California's Fair

Employment and Housing Act claims based on plaintiff's allegations that defendants failed to provide a reasonable accommodation in connection with plaintiff's parking space.

### B. Race Discrimination.

Defendants argue that leave to amend plaintiff's Unruh Act claim for intentional race discrimination would be futile and prejudicial because the newly-alleged factual allegations could have been asserted earlier. This order disagrees. Plaintiff now clarifies that his Unruh Act claim for race discrimination is based on the same allegations as his Fair Housing Act claim for race discrimination. Plaintiff alleges that defendants banned his son from the apartment based on false accusations of criminal conduct and of living in plaintiff's apartment in violation of the lease. The complaint alleges that plaintiff's property manager remarked that African Americans were "more problems" for the apartment complex, falsely accused plaintiff's son of criminal conduct, and then banned plaintiff's son from the property (*id.* ¶ 34). At this early stage, these facts are sufficient to plausibly suggest intentional discrimination based on race. Plaintiff's motion for leave to amend this claim is **GRANTED**.

### 2. OTHER PROPOSED AMENDMENTS.

The remainder of plaintiff's proposed amendments consist of factual allegations meant to "substantiate" claims that the December 20 order found to already be legally sufficient. Defendants argues that these amendments should be denied because they "should have had the opportunity to challenge each and every allegation levied against them" in their prior motion to dismiss (Opp. at 8). Although defendants could have identified any prejudice resulting from these amendments in connection with the instant motion, they have failed to do so. To the contrary, defendants concede that "[p]laintiff gains nothing by adding" these allegations. Because defendants have not identified any prejudice caused by these amendments, nor shown bad faith, undue delay, or futility, plaintiff's motion for leave to add these new allegations is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**. The March 21 hearing is **VACATED**. Plaintiff shall file an amended complaint, making the changes allowed above but adding nothing more, by **MARCH 26 AT NOON**. The answer is due by **APRIL 9 AT NOON**. There shall be no further Rule 12 practice.

**IT IS SO ORDERED.**

Dated: March 19, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE