IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODNEY GREEN, SR.,

    Plaintiff,

v.

MERCY HOUSING, INC., a Nebraska corporation; MERCY HOUSING MANAGEMENT GROUP, INC., a Nebraska corporation d/b/a East Leland Court; MERCY HOUSING CALIFORNIA XXXVIII, a California limited partnership; and DOES 1-10, inclusive,

    Defendants.

No. C 18-04888 WHA

**ORDER RE MOTION TO COMPEL**

    The Court has received the deposition transcript dated May 8, 2019 of deponent and plaintiff, Rodney Green and its corresponding exhibits. The deponent provided credit union statements, receipts of check withdrawals for rent, and money order receipts for the deposition (Davis Decl., Exh. B-2 at 21-103, 145-146, 156-158).

    Notwithstanding that deponent provided the aforementioned documents, Timothy Davis, counsel for defendant Mercy Housing, Inc., repeatedly tried to get deponent to admit something that was not true, mainly that deponent had only provided Patelco Credit Union statements or that deponent provided nothing more than "the Patelco Credit Union statements and one page of three money orders" (Karbelashvili Decl., Exh. B at 217:9-11; 218: 12-20; 219:12-22).

When Irene Karbelashvili, plaintiff's counsel, tried to explain what documents the deponent had provided, Davis responded, "No, I do not want any explanation" (220:4-6). The proceedings went downhill from there.

Davis has demonstrated a history of trying to extract concessions that go somewhat further than records support. Deponent is within his rights to refuse to admit to something that is not quite true. Deponent's refusal to be bullied to admit more than required is acceptable, but the bullying is not.

The Court will hereby appoint a special master to complete the deposition of Mr. Green. This special master may possibly be used in other depositions in this case. The special master's fees will be paid fifty-fifty by both sides subject to adjustment at a later date to reflect each party's comparative need.

This order derives its authority to appoint a special master pursuant to suggestion of counsel and from the supplemental power under Federal Rules of Civil Procedure Rule 37(c). The Court finds Davis's refusal to ask fair questions and deponent's inability to give straight answers warrants the appointment of a special master under Rule 37(c).

By **JULY 10, 2019 AT NOON**, the parties will submit a proposed form of reference and the Court will select one of its previous law clerks as special master unless the parties can agree on someone else.

As to the evidentiary objections made by plaintiff's counsel, the Court deems them moot because it did not rely on them or they were not taken.

The hearing regarding defendant's motion to compel is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 25, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE